(Superior Court of Cincinnati.)

MATILDA E. MEYER v. THE METROPOLITAN LIFE INSURANCE COMPANY.

(1). Construction of clause in insurance policy providing that suit must be brought within six months of the death of the insured.

(2). A long established custom of the company of sending an agent to collect the weekly premiums in advance does not constitute a waiver of the requirement of the policy that premiums shall be paid in advance, when the agent failed to call for four weeks.

JACKSON, J.

Gentlemen of the Jury:

It sometimes becomes the province and the duty of he court to arrest the further progress of a case and to direct the jury what their verdict shall be.

The rule of law is that where a plaintiff rests his case, if the court, considering all of the evidence offered by the plaintiff as es ablished, and giving to that evidence its greatest probative effect, is, nevertheless, of the opinion that the plaintiff has not in law made out a case sufficient for your consideration—that is, if admitting all the facts, they do not in law entitle the plaintiff to recover—then it is the duty of the court to arrest the furher progress of the case and direct you how to return your verdict.

Now, in this case the plaintiff sues as beneficiary in two life insurance policies for $500 each, issued by the Metropolitan Life Insurance Company upon the life of her husband, Carl C. H. Meyer. It is admitted that the policies were executed

and that she paid the premiums thereon originally and continued to pay the premium thereon, I think fifty-three and fifty-five cents per week, for a long number of years. but the defendant contests the validity of the policy now, or rather denies her right to maintain this action. for two reasons. The first is that she did not bring her action to recover in this case within six months after the death of her husband; and the second is that she failed to make payments upon her policy for four consecutive weeks, as provided by the terms of the policy.

Now, in order that the jury may understand the reasons for my action and that counsel may so understand, I will read the provision of the policy in question. It is as follows:

"If any of the warranties above referred to, and upon which this policy is granted, be not true, or if the conditions of said policy be not in all respects observed, or if said policy shall in any way be assigned, sold, mortgaged, or otherwise parted with, or if any erasure or alteration shall be made in said policy, except by endorsement signed by the president or secretary. or if any premium on this policy shall be in arrears more than four weeks, this policy shall thereupon become void; and whenever, for any cause, this policy shall terminate, all premiums paid shall be forfeited to the company, except as provided in consideration 'second' above; and it is expressly stipulated and agreed that the foregoing provision which avoids the policy, in case the premium shall be in arrears more than four weeks, shall not be considered in any respect waive by any act of grace by the company in the acceptance of premiums in arrears more than four weeks upon this or any other policy."

Then follows the provision in regard to bringing suit within six months:

"No suit shall be brought nor action commenced against said company, under this policy, until ten days have expired after the filing of proofs of death upon all the forms prescribed by the company in its home office, nor after six months from the date of death of the insured; it being understood and agreed that if any suit or action be commenced after said six months, the lapse of time shall be taken to be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the notrary being hereby expressly waived."

Now, the evidence introduced here shows that the husband of plaintiff died February 14, 1894, while this action was instituted in October, 1894, more than six months after the death.

The plaintiff's counsel strenuously and very ably contends that the six months limitation should run only from such time as she had a right to sue the company, and not from the time her husband died, and he cites a number of authorities to that effect. Inasmuch as plaintiff could not have maintained an action against the company until after she had made proof of the death and for ten days thereafter; it is claimed that the six months within which she had a right to sue should begin to run, not from the time her husband died, but from the time she had a right to sue the company, which right to sue never accrued until some time in April, 1894. when the company, through its attorneys, Judge Robertson and Governor Bryan, of Kentucky, notified the plaintiff that her claim would not be allowed.

On principles of natural right and justice it seemed to me that plaintiff's contention in this respect was correct, because in many instances a party might not be able to prove a death, and consequently not have a right of action until a greater portion of the six months had expired, and it seemed to me but just that the six months' limitation should apply only to the time during which the plaintiff had the right to sue. There are some well considered cases that directly sustain the plaintiff's contention in this respect. There are others that apparently sustain this contention, but in which I find that the wording of the policy differs from that in this case. In some cases the limitation runs from the time "the loss occurs," in others from the time "the loss accrues," and some courts have construed these words to mean from the time the company is lawfully called upon to pay. But in the case before us the limitation is expressly made to run from 'six months from the date of the death of the insured.'

However, I find that a circuit court of this state has decided expressly against this contention of the plaintiff. I find no decision upon this question by the supreme court of Ohio, and in the conflict of authorities—there being authorities from the courts of certain states in favor of the plaintiff and others equally wel considered in favor of the defendant—in that conflict of authorities I feel that I am compelled to follow the decision of the circuit court of this state in case of Insurance Company v. Schwan (1 Circuit Court, p. 192). It was there held that, where a policy of fire insurance provided that suit must be brought "within twelve months next after the loss shall occur," the suit must be brought within that period after the fire, and not after the loss became payable by making proper proofs, etc.

But aside from that I am satisfied that the plaintiff, upon her own showing, had forfeited her right of action by her failure to pay her premiums for four successive weeks.

Now, gentlemen, I feel that there is a hardship to this woman in enforcing this rule of law, but I am nevertheless compelled to do so. The policy expressly

provides that if she does not pay the premiums for four successive weeks the policy shall be void; and it also says that no act of grace on the part of the company in accepting payments after four weeks will be a waiver of its right to hereafter insist upon the policy being void if in the future there is a failure to pay for four weeks. Now the plaintiff contends that, because the evidence shows that the company had a collection agent go around and collect the premium money every week, and that he suddenly ceased coming, and that she (the plaintiff) being sick and unable to go to the home office or to the local office and pay the money, such action on the part of the company constituted a waiver on its part to insist upon having the money paid absolutely according to the terms of the policy.

In the absence of anything to the contrary I would say that that was a question for you to consider and determine, but the only fact of waiver that the plaintiff relies upon in this case is the fact that they sent around a collection agent. That is the only fact she claims to constitute a waiver of the right of the company to demand payment regularly every week, and to insist upon its right to forfeit the policy if they do not pay for four successive weeks. But in my view the company has expressly said and expressly notified this plaintiff that such conduct on its part would not be a waiver.

For instance, they furnish her a book in which the payments are regularly made, and in that book there are several notices, one of which is as follows: "The company's agents are instructed to call regularly, that is, Monday, in advance of each week. The neglect of an agent to call, however, will not be admitted as an excuse for non-payment." That is expressly stated in this little book.

The next book does not contain the same language, but it says, as I remember, in case the agent fails to come around and collect the money they must send the money to the home office, and I construe that to mean practically the same thing.

But in addition to that, attached to each policy of life insurance is a little note in red ink, and that provides as follows: "The neglect of a collector to call will not be deemed an excuse for non-payment." I can not read that language any other way than as being an express stipulation and express notice brought home to the plaintiff that the action of the agent in coming around to collect the money, and his subsequent failure to do so, will not be deemed a waiver of its rights.

Therefore I say to you, gentlemen, that your verdict must be for the defendant, and so say you all.

Counsel for the plaintiff excepted to the general instructions of the court, and moved the court to re-open the case in order to admit more testimony.

Motion overruled; to which counsel for plaintiff excepted.

Thos. B. Paxton and C. M. Lotze, for the Plaintiff.

C. D. Robertson and R. C. Pugh, for the company.